**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| LUCIO GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:11-cv-158-WTL-WGH |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Lucio Garcia for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Garcia is serving a 40-year sentence as a result of his 2006 convictions for three counts of child molesting. These convictions were entered following a jury trial in Marion County. Garcia's convictions were affirmed on appeal in *Garcia v. State*, No. 49A02-0610-CR-876 (Ind.Ct.App. 2007)(*Garcia I*). The trial court's denial of Garcia's petition for post-conviction relief was affirmed on appeal in *Garcia v. State*, 936 N.E.2d 361 (Ind.Ct.App. 2010)(*Garcia II*). The evidence was summarized in Garcia's direct appeal as follows:

> Between December 31, 2004, and January 29, 2005, Garcia engaged twelve-year-old A.S. in sexual intercourse on three occasions. At the time, Garcia was thirty-two years old and had led A.S. to believe that they were "boyfriend-girlfriend." Transcript at 70. On February 2, after receiving a report that A.S. may have been raped, Detective Steve Buchanan of the Indianapolis Police Department interviewed A.S. and learned of her relationship with Garcia.

*Garcia I,* at p.1. On February 14, the State charged Garcia with three counts of child molesting, each as a Class A felony. The State subsequently amended the charging information to include three counts of attempted sexual misconduct with a minor, each as a Class B felony. Garcia's trial occurred on August 8, 2006, in which the State called A.S. and Detective Buchanan as witnesses. A.S. testified that on each of the three dates in question, Garcia engaged her in sexual intercourse. The jury found Garcia guilty as charged, and the trial court merged the attempted sexual misconduct with a minor convictions into his child molestation convictions.

Garcia argued in his direct appeal that the State violated its discovery obligations and *Brady v. Maryland* 373 U.S. 83 (1963), by failing to disclose the report of a medical examination of the victim. In his action for post-conviction relief, Garcia argued that his trial and appellate counsel rendered ineffective assistance.

In his habeas petition, Garcia asserts the single claim that he was denied the effective assistance of counsel in his direct appeal. The respondent opposes issuance of the writ Garcia seeks based on the arguments that the habeas claim is procedurally defaulted and that in any event the claim is without merit. The record has been appropriately expanded.

## II. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 28 U.S.C. § 2241(c)(3), *et seq.*, govern this case because Garcia filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of the claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Based on the above standard, federal habeas relief is barred for any claim adjudicated on the merits in state court, "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Under the "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that "contradicts the governing law" set forth by the Supreme Court or if the state court reached a different outcome based on facts "materially indistinguishable" from those previously before the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Calloway v. Montgomery*, 512 F.3d 940, 943 (7th Cir. 2008). Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied. *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008) (citing *Jackson v. Miller*, 260 F.3d 769, 774 (7th Cir. 2001)).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes*, 334 F.3d 696, 703–04 (7th Cir. 2003). "A state court decision that rests upon a determination of fact

that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.* at 704 (quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)).

In summary: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.

*Badelle v. Correll, 452 F.3d 648, 661 (7th Cir. 2006)* (internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478,

488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. Discussion

I<small>ND</small>. C<small>ODE</small> ' 35-42-4-3(a) provides that a person at least 21 years of age commits class A felony child molesting if they, with a child under 14 years of age, performs or submits to sexual intercourse. This statute also provides that "[i]t is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct." I<small>ND</small>. C<small>ODE</small> ' 35-42-4-3(c). Garcia argues that his appellate counsel in *Garcia* I was ineffective by failing to raise an insufficiency of the evidence claim because the evidence did not prove beyond a reasonable doubt that Garcia knowingly performed intercourse with a child under the age of fourteen.

The Sixth Amendment guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Under *Strickland,* a defendant must prove two elements: (1) that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. For the second element, the defendant must show that "counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of a case such as Garcia presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis*, 328 F.3d 896, 900В01 (7th Cir. 2003). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in

the reversal of his conviction or an order for a new trial. *Id.* at 901. Thus, the court has examined the Atrial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.@ *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

"[T]o set forth a claim of ineffective assistance, a petitioner 'must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance'" *U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001)(quoting *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997)). Garcia asserts in his habeas petition that "[i]t is clear from the jury's verdicts that they agreed that Garcia believed that A.S. was fourteen" and that the evidence at trial did not establish beyond a reasonable doubt that Garcia's actions met the burden of proof beyond a reasonable doubt that he had the required *mens rea* that he knowingly performed intercourse with a child under the age of fourteen. The consequence of this insufficiency of the evidence of his state of mind, according to Garcia, is that his convictions of Class A Child Molesting should have been merged into the Class B felonies of Attempted Sexual Misconduct With A Minor.

"Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). Thus, *Strickland* requires that counsel=s performance be evaluated as a whole rather than focus on a single failing or oversight. *Id.*

In this case, Garcia highlights a specific instance of asserted ineffectiveness of appellate counsel. In doing so, he has not argued his claim within the *Strickland* framework. *See Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009)("It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one."); *Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

There is a more significant failing in Garcia's presentation, however. He presented a claim of ineffective assistance of appellate counsel to the Indiana state courts in *Garcia II.* One specification made to support this claim was that his appellate counsel was ineffective by failing to contend that the child molesting convictions should have been overturned because the jury's verdicts as to the charges of attempted sexual misconduct with a minor were inconsistent with its verdicts as to the charges of child molesting. (Other specifications of attorney ineffectiveness related to the sentence Garcia received.) Applying the familiar *Strickland* standard, the Indiana Court of Appeals concluded that a claim of inconsistent jury verdicts would not have been considered on appeal. *Garcia II,* 936 N.E.2d at 365 ("Very recently, our Supreme Court held that 'jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable.'")(quoting *Beattie v. State,* 924 N.E.2d 643, 649 (Ind. 2010)). This claim as Garcia presented it, therefore, failed to support the prejudice prong of a *Strickland* claim because there was no reasonable probability that if appellate counsel had raised it in *Garcia I* it would have resulted in the reversal of his convictions for child molesting or an order for a new trial.

The specification of appellate counsel's ineffectiveness presented in this habeas

action is that Garcia's lawyer in the direct appeal should have challenged the sufficiency of the evidence regarding the three counts of child molesting. This specification was not fairly presented to the Indiana state courts in *Garcia II*. See *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)("the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.")(internal quotations and citations omitted); *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim). Because of this, Garcia procedurally defaulted as to the specification of attorney ineffectiveness he raises here. His contrary argument is that he did not commit procedural default because he explicitly relied on *Strickland,* but this does not go far enough to have put the state courts on notice as to the nature of appellate counsel's asserted failing.

Even if the court could conclude that Garcia had fairly presented his habeas claim in *Garcia II,* his petition would be denied. A claim of inconsistent verdicts is not cognizable in an action for habeas corpus relief. *Mahaffey v. Schomig*, 294 F.3d 907, 921 (7th Cir. 2002)("The United States Supreme Court has held that inconsistent verdicts are constitutionally tolerable.")(citing cases); *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d

505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). By contrast, a claim of insufficient evidence is common fare and invokes a recognized and fundamental requirement of due process. *In re Winship,* 397 U.S. 358, 364 (1970)("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); *Herrera v. Collins,* 506 U.S. 390, 402 (1993) (noting that "a conviction based on evidence that fails to meet the *Winship* standard" is an "independent constitutional violation"). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier fact could have found proof beyond a reasonable doubt.'" *Cabrera v. Hinsley,* 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 324 (1979)). As the respondent argues, there was ample evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that Garcia knew that A.S. was under 14 years of age in January 2005 and thus was guilty on three occasions of child molesting under Indiana law. Garcia's defense did not hinge on his knowledge of (or his reasonable mistaken belief as to) A.S.'s true age, but on whether the acts of intercourse had actually occurred.

## V.   Conclusion

This court has carefully reviewed the state record in light of Garcia's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas          corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).The deference due to state court decisions "preserves authority to issue

the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Garcia's habeas petition does not present such a situation and that petition [1] is therefore **denied.** Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Garcia has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   05/01/2013

Distribution:

Lucio Garcia
No. 160774
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838

All electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana